UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 1:01-CR-205 |
| | § | |
| TONY TERRONE KERSHAW | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed November 17, 2005, alleging that defendant violated conditions of supervised release by committing new crimes, including speeding, battery, criminal damage to property and domestic abuse battery. In addition, defendant allegedly violated conditions by leaving the judicial district without permission of the court or probation officer on two occasions and by failing to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer on two occasions.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir.

1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on August 19, 2002, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute less than 50 kilograms of marijuana, a Class D felony.  This offense carried a statutory maximum imprisonment term of not more than 5 years.  The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of I, was 18 to 24 months.  Defendant was subsequently sentenced to 24 months followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include anger management aftercare; the defendant shall not commit any offense against a foreign state or nation; and a $100 special assessment.

## II.  The Period of Supervision

On July 9, 2004, defendant completed his period of imprisonment and began service of the supervision term.  Defendant's case was reassigned on November 16, 2005, to The Honorable Thad Heartfield, Chief U.S. District Judge

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on November 17, 2005.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall not leave the judicial district without permission of the Court or probation officer. |
| Standard Condition: | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |

As grounds, the petition alleges that defendant committed new crimes on three occasions.  First, on May 3, 2005, defendant was cited for speeding by the Fort Polk Provost Marshal's Office.  Second, on June 24, 2005, defendant was cited for battery and criminal damage to property by the East Baton Rouge Parish Sheriff's Office.  Last, on September 9, 2005, defendant was arrested for domestic battery abuse by the East Baton Rouge Parish Sheriff's Office.

In addition, the petition alleges defendant traveled outside the Western District of Louisiana–the judicial district for which he is under supervised release–without obtaining permission on June 24, 2005, and September 9, 2005.

Defendant also allegedly failed to notify his probation officer within seventy-two hours of being cited on June 24, 2005, and being arrested on September 9, 2005.

### IV.  Proceedings

On March 22, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "not true" to all three allegations that he violated the mandatory condition that he not commit another federal, state, or local crime.  However, defendant pleaded "true" to the allegation that he violated the standard condition that he not leave the judicial district without permission of the court or probation officer on June 24, 2005, and September 9, 2005.  Defendant also pleaded "true" to the allegation that he violated the standard condition that he notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer on June 24, 2005, and September 9, 2005.

After defendant pleaded to the alleged violations in the petition, the government announced that it had no evidence to support that defendant violated the mandatory condition that he not commit another federal, state, or local crime.  Subsequently, the court announced that the violations for which defendant pleaded

"true" are Grade C violations, with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

On the issue of sentencing, counsel for the government requested that the court revoke defendant's supervised release and sentence defendant to 9 months imprisonment with no supervised release thereafter. In response, defendant's counsel requested that the court not revoke defendant's supervised release, but only modify his supervised release to spend time in a halfway home. Alternatively, defendant's counsel suggested that the court should sentence defendant to no more than 3 months imprisonment with no supervised release thereafter.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by committing new

crimes, by leaving the judicial district without permission of the court or probation officer and by failing to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.   U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

     18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.     The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.     The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.     Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.     Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

    5.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to alleged violations of standard conditions: leaving the judicial district without permission of the court or probation officer and failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer on June 24, 2005, and September 9, 2005. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated these standard conditions of supervised release in the manner alleged in the petition. However, there is no evidence to support that defendant violated the mandatory condition that he not commit another federal, state or local crime. Defendant's violations are Grade C violations with policy guidelines suggesting 3 to 9 months imprisonment upon revocation.

## Conclusion:

Defendant has demonstrated some inability to adhere to conditions of supervision. However, defendant's violations are merely technical and the court finds that incarcerating defendant is inappropriate. Defendant's supervised release should be reinstated and continued, but also modified and enlarged to require that defendant reside in and participate in a community corrections center for no longer than 150 days. However, defendant shall remain in custody until a bed placement is made available for him at a community correction center.

### RECOMMENDATIONS

1. The court should find that defendant violated conditions of supervised release by leaving the judicial district without permission of the court or probation officer and by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

2. The petition should be granted and defendant's supervised release should be reinstated and continued, but modified and enlarged pursuant to 18 U.S.C. § 3565(a).

3. The court should modify conditions of supervised release by adding the following conditions:

    (A) Defendant shall reside in and participate in the community correction component of a community correction center, as instructed, until discharged by the center's director, but no longer than 150 days from admission. Defendant shall abide by all rules and regulations of the center and shall pay subsistence as per Bureau of Prison's guidelines, with no further supervision thereafter.

  (B)  Defendant shall remain in custody until a bed placement is made available for him at a community correction center.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to reinstate and continue defendant's supervised release with modifications and enlargements as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 23rd day of March, 2006.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE